Chief Justice Robeetson,
delivered the opinion of the court.
Beard as assignee of Miller, who was assignee of Johnson, the obligee, obtained a judgment against Crawford on a promissory note.
To reverse this judgment, Crawford prosecutes this writ of error.
The only question presented for consideration, is, whether a plea offered by Crawford, but rejected as insufficient by the court, be good and sufficient to bar the action?
The plea is,, in substance, that the only consideration for the note, was the sale by the obligee to Crawford of a man of color, as a slave, who was a free man.
If this plea be true, there was an entire failure of the consideration. In executory contracts, when one promise is the consideration of another,, neither party can plead to an action by the other against him, on his promise, that there was no consideration, nor that the consideration had failed; because the mutual promises (and not their performance) were the reciprocal considerations, and each party having a remedy for a breach by the other, must resort to- that for redresss, and will not be allowed to plead what is- untrue. In such a case, the consideration cannot have failed, whilst the promise,•which was the consideration, be valid and obligatory.
But when the consideration be wholly executed, it may fail, so far, as to enable the party who received it, to avoid his executory undertaking, which was induced by, and founded upon it.
' In executed contracts for land, if the vendor made any covenant of warranty, or transferred to his vendee the covenant of any precedent grantor, the vendee would not be allowed to plead, to a suit on his promise to pay the price or any portion of it, that his vendor had no title, unless, by succeeding on such a plea, he would be barred from recovering any thing on the warranty of title; Young vs. Triplett, V Littell’s Rep. 248. *188 In addition to the reason given by the court in that case, another may be suggested; and that is, that the sale of the land was not the only consideration, but the covenant of warranty was a part of it. And, therefore, as the non-performance of a promise, when the promise, and not the performance, is the entire consideration, is not a failure of consideration.
When a covenant is a part of the consideration of a contract, the whole consideration has not failed as long as the covenant may be enforced.
Plea, showing that sale of slave vested in Vendee no legal right, or conferred on him no legal benefit, is a •good bar to suit for the purchase money.
If vendor of a chattel have any claim, delivery Confers a benefit, ^nd although the title may be.imperfect, or the thing defective, there is no failure of consideration.
So hy analogy, when a covenant or warranty, is a part of the consideration, the whole consideration cannot have failed as long as the covenant may be enforced hy suit, notwithstanding a successful defence by plea to the consideration.
But in this case, there is no express promise or warranty, which could have formed an ingredient of the consideration for the note. The whole consideration was executed. It was the sale of the person of color, claimed to be, appearing to he, and believed, by Crawford, to he, a slave. There is nothing in the record which could authorise the opinion, that, if Crawford should succeed in barring this suit for a failure of consideration, he could maintain any suit against his vendor, for want of title to the person sold, and for whom the note was given.
If, therefore, the sale and delivery vested in Crawford no legal right, and if his vendor conferred on him no lep-al benefit, the plea must he good; Minor vs. Kelly, V Monroe, 273,
When a vendor of a slave or other chattle, had any legal or equitable right to the thing sold, by delivering it to the vendee, he conferred on him a benefit, and imparted to him an interest, although the title may he imperfect, or the thing itself may be defective. For example, A, the acknowledged owner of a slave, sells and delivers the slave to B for a “sound” consideration. The slave is unsound, but is nevertheless of some value. That value is the property of B, If the services of the slave he worth any thing, B enjoys their value; and so far A conferred a benefit upon him, and so far the consideration has not failed, unless the contract he rescinded.
But the sale of a free man, for a slave, vests in the purchaser no right, legal, equitable or moral. It vests in him pa right to..the person, nor to his services. Every claim *189 of proprietorship, which he prefers to him, is an unauthorized degradation of his legal equality. Every exertion of the authority of a master over him, is a trespass off.his rights as a free man. If any advantage-should be derived from his constrained service, the purchaser is under a clear moral obligation to reward him for it, and is under no sort of obligation to the vendor. Instead of benefitting the vendor, he injures his vendee, by selling to him a free man. The instant the contract of sale is made, the purchaser, if he shall have paid any thing, may sue for and recover it.
Bréele, for plaintiff; Anderson, for defendant.
If, in such a case, there be not a total failure of consideration, it would be difficult to find a case in which it could be admitted, that the consideration had failed entirely.
It was not the duty of Crawford, to restore to his vendor, possession of the person, whom ho sold to him as a slave. If he be free, the vendor had no right to ask or expect a restitution; and Crawford had no right to place him in the power and under the dominion of the man, who had endeavored to enslave him.
The disposition, which Crawford has made of him, might become an important inquiry.
We are clearly of the opinion, that the plea contains sufficient matter to bar the action.
Wherefore, the judgment of the circuit court is reversed and the cause remanded, for an issue to be made upon the plea and for such other, and further proceedings, as maybe proper, consistently with this opinion.